

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:

Opinion No. O-4114
Re:  Collection and disposition of
tax funds received by Texas
Rice Development Commission
and other related questions.

In your letter of October 11, 1941, you direct our
attention to House Bill No. 136, Regular Session Forty-Seventh
Legislature, and request our opinion in response to the follow-
ing questions:

1.  "Who will be authorized to receive funds
accruing under the provisions of the Act?

"If the Commissioner of Agriculture be
authorized to receive such funds, then:

2.  "Should the Commissioner make deposit of
same in the State Treasury, and

"If he be directed to receive said funds
and to deposit the same in the State Treasury, then

3.  "Would the General Statutes of the State
regulating the receipt and disposition of funds be
such as to direct the Comptroller of Public Accounts
to issue warrants against such funds in the State
Treasury, and

4.  "Would the State Treasury be authorized to
pay such warrants? and,

5.  "Would the Commissioner be required to ap-
prove all pay rolls and bills and accounts, and to
make requisitions to the Board of Control for the
purchase of such equipment and supplies as would be
necessary to the proper administration of the Act."

The said House Bill No. 136 is known as the Texas Rice Development Law and in brief it provides for the levy and collection of a tax and the expenditure thereof in the promotion of sales and advertising of Texas rice and rice products and for research in and development of new uses for rice and rice products. The Act provides for a rice development commission composed of five persons, to be appointed by the Commissioner or Board of Agriculture with the advice and consent of the Senate. In Section 6 of the Act it is provided that the tax shall be remitted direct to the Rice Development Commission. Our answer to your first question, therefore, is that the Texas Rice Development Commission is authorized to receive funds accruing under the provisions of the Act. It is noted however that Section 11 of the Act expressly provides that such Texas Rice Development Commission shall not constitute a separate or new State agency but is only a part of the Department of Agriculture.

As noted above, the collections are to be made by the Commissioner of Agriculture through the Rice Development Board. The Act itself contains no express provisions as to the method of handling the money after it has been collected. In Section 10 it is provided that: "All funds collected hereunder or hereby appropriated to the Texas Rice Development Commission for the purpose of carrying out the provisions of this Act." But the use of such language as that in making an appropriation has never been taken to mean that the custody of the funds so appropriated is thereby changed from the State Treasurer to the Department to which the appropriation is made. The moneys can be deposited with the State Treasurer and paid out upon warrants drawn by the Comptroller and yet the appropriation be given its full meaning. Nor are there any other provisions in the Act which are necessarily inconsistent with the handling of these funds in the same manner that other moneys collected by the State are handled in the absence of special provisions. We would note in particular that this Act contains no provision for the bonding of the Texas Rice Development Commission, or any appointee thereof, as the permanent custodian of these funds. Our answer to your second, third and fourth questions, therefore, is an affirmative one.

Our answer to your fifth question also is an affirmative one with this qualification:

It is not absolutely necessary under the statute, Art. 4355, Revised Civil Statutes, for the head of the department to sign claims and accounts. It is necessary that the same be signed by the head of the department or other person responsible for incurring the expenditure. On this point the requirement of the Comptroller should be ascertained and complied with.

Yours very truly

APPROVED OCT 30, 1941                    ATTORNEY GENERAL OF TEXAS

(signed)   Grover Sellers

FIRST ASSISTANT                By              (signed)
ATTORNEY GENERAL                          Glenn R. Lewis
                                             Assistant

GRL:BT

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN